UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PARRA, | Civil No. 05-CV-1636-L(BLM) |
| Plaintiff, | **ORDER DENYING MOTION TO SET ASIDE JUDGMENT [doc. #15]** |
| v. | |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

Plaintiff moves to set aside judgment[1] in the above captioned case. The motion has been fully briefed. Having carefully considered the matters presented, the Court enters the following decision.

**Factual Background**

Based upon alleged acts that occurred on October 2, 2002, plaintiff filed a complaint on September 24, 2004, in the Superior Court of California, Imperial County, against the Bureau of Immigration and Customs Enforcement ("BICE"). The return of the Summons provided to the Imperial County Court indicates that personal service was made only on "United States Customs

---

[1] Because the action was dismissed without prejudice, the Court has not entered a final judgment in this case. Accordingly, a judgment does not need to be set aside but rather, the Court's Order dismissing the case without prejudice is requested to be set aside. The legal standard for setting aside a judgment or order is the same and is found in Federal Rule of Civil Procedure 60(b).

1  – DHS [Department of Homeland Security]" on August 3, 2005, almost a year after the filing of
2  the complaint in the state court.  On August 17, 2005, defendant removed the action to the
3  federal court contending that the tort claim arose from the conduct of an employee or agency of
4  the United States of America and therefore, the federal district court has original and exclusive
5  jurisdiction.  (Notice of removal at 2).
6        On January 9, 2006, defendant BICE filed a motion to dismiss for lack of personal
7  jurisdiction, insufficiency of process, failure to serve the complaint within 120 days, and failure
8  to state a claim.  Defendant argued that neither the summons nor the complaint had been served
9  on the United States Attorney for the Southern District of California or the United States
10 Attorney General even though plaintiff had been advised that service had not been properly
11 effectuated.[2]  (Notice of removal at 2; motion to dismiss at 2; Exh. 1 to motion to dismiss).
12       Defendants' motion to dismiss was set for hearing on February 27, 2006.  Accordingly,
13 under Local Civil Rule 7.1.e.2, plaintiff's opposition to the motion to dismiss was due on
14 February 13, 2006.  Plaintiff did not file a timely opposition.  Rather, on February 23, 2006,
15 plaintiff filed his opposition which the Court rejected as untimely.  *See* Discrepancy Order filed
16 February 23, 2006 [doc. #9].  Rather than seek an extension of time in which to file his
17 opposition, plaintiff did nothing.  On March 7, 2006, after reviewing the motion on the merits,
18 the Court granted, *without* prejudice, defendant's motion to dismiss because plaintiff had not
19 provided any evidence of service of the summons and complaint upon the United States

---

[2] When an agency or corporation of the United States is a named defendant, service "shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. . . . (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency or corporation. . . . (2)(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by service the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g). Thus, plaintiff must serve the United States Attorney for the District in which the action is filed, the United States Attorney General and the agency or employee.

Attorney for the Southern District of California and the United States Attorney General within the 120 days provided by Rule 4(m).

Defendant also argued that because plaintiff's complaint alleged violation of plaintiff's civil rights under *Bivens*, only a federal officer named in his or her individual capacity is a proper defendant. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). But plaintiff named the "United States Customs and Border Protection – DHS" as the sole defendant in his action alleging violation of his civil rights. Because a *Bivens* action may not be asserted against an agency of the United States, the complaint was dismissed on this ground as well.

The Court notes that defendant's motion to dismiss was granted *without* prejudice. In the same March 7, 2006 Order, plaintiff was granted ten days in which to file an *ex parte* application to request leave to file an amended complaint and to seek additional time in which to effectuate service of process. Order filed March 7, 2006 [doc. #10]. Plaintiff was advised that failure to file an *ex parte* application within the time provided would result in the closing of the case without further notice to the parties. *Id.* Plaintiff did not file an *ex parte* application within the time provided. Nor did plaintiff seek additional time in which to file an *ex parte* application. The Court notes that although the case was closed because plaintiff did not act as required by the Court's Order, the dismissal was without prejudice and a judgment was not filed in this case.

One year later on March 7, 2007, plaintiff filed an *ex parte* motion to set aside judgment. The *ex parte* motion was rejected for noncompliance with the Local Civil Rules. *See* Discrepancy Order filed March 8, 2007 [doc. #12]. Plaintiff was advised that the requested relief required a noticed motion for which a hearing date, to be provided by chambers staff, was necessary. One month later, plaintiff filed his motion to set aside judgment. [doc. #13]. Plaintiff seeks relief from the dismissal of his action under Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court concludes that none of the enumerated grounds in Rules 60(b)(1) or (6) justifies the relief sought by Plaintiff.

///

///

## MOTION TO SET ASIDE JUDGMENT

**1.     Legal Standard**

Rule 60(b) allows a court to set aside a judgment or order only upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b).

**2.     Discussion**

    **a.     Federal Rule of Civil Procedure 60(b)(1)**

Plaintiff first argues that the order of dismissal should be set aside based upon Rule 60(b)(1). As noted above, Rule 60(b)(1) authorizes the Court to "relieve a party . . . from a final judgment" on the basis of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret[.]" *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (affirming denial of Rule 60(b)(1) motion where moving party argued she accepted Rule 68 offer only because of erroneous legal advice from her counsel); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (affirming denial of Rule 60(b)(1) motion to set aside stipulation of dismissal; noting "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes"). As the Ninth Circuit has explained, "[f]or purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel." *Latshaw*, 452 F.3d at 1101.

Relief under Rule 60(b)(1) has been found to be available or potentially available when

the moving party has failed to meet a filing deadline which results in losing all opportunity to be heard.  *See, e.g., Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993) (failure to file timely proof of claim in bankruptcy proceeding); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (*en banc*) (failure to file timely notice of appeal); *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (failure to file opposition to motion for summary judgment); *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381-82 (9th Cir. 1997) (failure to file timely opposition to motion to dismiss).

Plaintiff appears to be arguing that his various failures to act were the result of excusable neglect.  The term "excusable neglect" is used in cases of negligence, carelessness and inadvertent mistake.  *Pioneer,* 507 U.S. at 395.  Excusable neglect covers "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 381.  The *Pioneer* Court stated that the determination of whether the neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id*. at 395.  Although the Court in *Pioneer* recognized that "excusable neglect" is a flexible, equitable concept, the Court also noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

### 1. Prejudice to opposing party

To be prejudicial, the setting aside of an order or judgment must result in greater harm than simply delaying resolution of the case.  Thus, the issue here is whether defendant's ability to defend against plaintiff's claim is impaired.  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

In the present case, prejudice is in the form of significant and unreasonable delay on the part of plaintiff that could result in faulty memories, loss of evidence, and discovery problems. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Morris v. Morgan Stanley & Co.*, 942

F.2d 648, 652 (9th Cir. 1991) (as amended) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced). Had plaintiff acted promptly to seek additional time in which to file his opposition to defendant's motion to dismiss,[3] or to file an *ex parte* application as directed in the Court's Order dismissing the action without prejudice, defendant would have had an opportunity to timely challenge plaintiff's amended pleading. Instead, defendant has had to wait another year before plaintiff even sought to have the dismissal vacated and almost five years after the events giving rise to the Complaint. Under these circumstances, the Court finds defendant likely would suffer prejudice by granting plaintiff's motion for relief from judgment.

## 2. Length of delay and potential impact on the proceedings

The facts giving rise to plaintiff's complaint allegedly occurred on October 22, 2002. The Complaint was filed on September 24, 2004.[4] But according to plaintiff, the complaint was not served on BICE until August 3, 2005, and on the Attorney General on October 18, 2005, well past the 120 days provided for in Federal Rule of Civil Procedure 4(m).[5] This lengthy inactivity in service of the complaint is a sufficient basis for finding undue delay in the absence of some showing of cause. Here, plaintiff did not seek leave to serve the complaint outside the 120 days

---

[3] Plaintiff contends that had the Court accepted plaintiff's opposition to the motion to dismiss, notwithstanding its untimely filing, plaintiff could have demonstrated service of process on the Attorney General. Even assuming that the Attorney General was served, plaintiff still has not shown that the United States Attorney for the Southern District of California was ever served. In his declaration attached to the present motion, counsel states that "[o]n or about October 18, 2005, I mailed via certified mail to the United States Attorney for this district as instructed by the US Attorney General." This statement does not set forth what was mailed to the United States Attorney for the District of Southern California and in his opposition to the motion to dismiss, plaintiff states he "sent a letter" to the United States Attorney for the Southern District of California. Accordingly, plaintiff has made no showing of service of the complaint and summons upon the United States Attorney for the Southern District of California as required.

[4] Defendant does not contend that the allegations contained in the complaint were filed outside the statute of limitations.

[5] The complaint and summons were required to be served no later than January 22, 2005 under Federal Rule of Civil Procedure 4(m).

provided by Rule 4(m).[6]

As noted above, plaintiff's late opposition to defendant's motion to dismiss was rejected. Rather than attempt to get a stipulation from opposing counsel for a late filing or seeking an extension of time based upon his stated reason that counsel moved his office and lost the proof of service until shortly before the hearing date on the motion to dismiss, plaintiff remained silent. In the absence of an opposition and the obvious merits of defendant's motion to dismiss, the Court granted the dismissal without prejudice and permitted plaintiff ten days in which to seek leave to amend the complaint and to obtain additional time to serve the amended complaint. Again, plaintiff remained silent.

Throughout the course of the past year, plaintiff did not seek relief from the dismissal but instead waited until the final day permitted under Federal Rule of Civil Procedure 60(b)(1) before filing an improper *ex parte* application to set aside the judgment. *See* FED. R. CIV. P. 60(b)(1)("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Plaintiff then waited an additional month before filing the present properly noticed motion.

Because of the delay created by plaintiff's inactions and untimely actions, nearly five years have past from the alleged actions giving rise to the complaint. As noted above, such a lengthy span of time creates real potential for prejudice to defendants, especially any defendant or defendants not yet served.

### 3.     Reason for the delay

Plaintiff offers no rational whatsoever for the untimely service of the complaint within the time provided by Rule 4(m). Plaintiff states the reason for his opposition to defendant's motion to dismiss being late is that plaintiff's counsel's office moved and counsel could not locate the

---

[6] If plaintiff fails to serve the Complaint within the time provided, Rule 4(m) provides the court "shall dismiss the action without prejudice as to that defendant or direct that serve be effected within a specified period of time." Thus, Rule 4(m) allows courts to provide additional time for service, "even if good cause is not shown." Notes of the Advisory Committee on 1993 Amendments to rule 4(m). The Advisory Committee Notes specifically state that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (citing to *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)).

proof of service on the Attorney General. (Opposition to motion to dismiss at 2-3 and motion to set aside at 4). Counsel does not provide the time period when his office move occurred. Plaintiff has offered no reason for not seeking leave to file the opposition late. Nor has plaintiff offered any reason for not filing the *ex parte* application required by the Court's March 7, 2006 Order. Finally, plaintiff's counsel's offers no reason for waiting until the last day under Rule 60(b)(1) to file his improper *ex parte* application to set aside judgment and waiting a full month more to file the present motion other than pointing out that "the practice of law is not perfect." (Reply at 1).

### 4.     Whether movant acted in good faith

This is not the case of a single failure to comply with a filing deadline. Plaintiff's counsel has consistently acted in a dilatory manner and without offering reasonable explanations for the delay he has caused. Service of the complaint was untimely and incomplete. Plaintiff's opposition to motion to dismiss was untimely filed on February 23, 2006, and therefore, rejected. At no time did plaintiff file a request for an extension of time in which to serve his complaint or file his opposition to the motion to dismis. Because service had not been properly or timely effectuated on all parties and the motion to dismiss was granted *without* prejudice, plaintiff was given ten days in which to seek leave to amend the complaint and for late service of that complaint in the Court's Order filed March 7, 2006 [doc. #10]. Again, plaintiff did nothing. Plaintiff neither filed the *ex parte* application for leave to amend the complaint and serve the amended complaint late nor sought additional time in which to file the *ex parte* application. Plaintiff does not contend that he did not receive the Court's March 7, 2006 Order or that there was any reason for failure to comply with the Court's Order.

Once his opposition to the motion to dismiss was stricken February 23, 2006 and the motion to dismiss was granted on March 7, 2006, plaintiff took no action whatsoever until one year later, on March 7, 2007, when he incorrectly filed an *ex parte* application to set aside judgment. Plaintiff then waited an additional month to properly file the present motion. [doc. #13, filed April 9, 2007].

Under the totality of circumstances, plaintiff's repeated inaction and/or significantly

delayed actions in the instant case do not establish excusable negligence under the equitable test articulated in *Pioneer. See, e.g., Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986)(long history of inexcusable neglect and delay coupled with lack of evidence justifying stated grounds for relief warranted denial of relief under Rule 60(b)).

Having reviewed the relevant equitable factors, the Court denies plaintiff's motion to set aside the March 7, 2006 Order dismissing the case without prejudice under Rule 60(b)(1).

### b.     Federal Rule of Civil Procedure 60(b)(6)

Plaintiff stakes his final claim for relief in the catch-all provision of Rule 60(b)(6).  But Rule 60(b)(6) applies only in "extraordinary" circumstances and is "used sparingly as an equitable remedy to prevent manifest injustice*." United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Plaintiff fails to present any such extraordinary circumstances that would create a miscarriage of justice if this Court were to set aside its prior order of dismissal without prejudice.  Plaintiff had numerous opportunities to address and to correct the problems associated with lack of service, untimely service, failure to name a proper defendant, failure to file a timely opposition to defendant's motion to dismiss, and failure to file an *ex parte* application seeking leave to file an amended complaint as directed in the Court's Order.  Plaintiff availed himself of none of those opportunities.  Instead, plaintiff now, over a year later, seeks relief with no showing of extraordinary circumstances sufficient to justify setting aside the Court's Order of dismissal without prejudice.

### Conclusion

Based on the foregoing, **IT IS ORDERED** denying motion to set aside judgment. [doc. #13]

**IT IS SO ORDERED.**

DATED: May 4, 2007

_____
M. James Lorenz
United States District Court Judge

/ / /

/ / /

1  COPY TO:

2  HON. BARBARA L. MAJOR
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL